## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT HILDRETH,
#N94795,

      **Plaintiff,**      **Case No. 22-cv-01886-SPM**

v.

WARDEN WILLS,
WEXFORD HEALTH CARE SERVICES,
SUPERINTENDANT,
LT., and
STAFF CORR. OFFICERS,

      **Defendants.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Scott Hildreth, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred at Menard Correctional Center ("Menard"). This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### DISCUSSION

To survive preliminary review under Section 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff must also associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *Id.* at 555. And, because Hildreth brings his

Page 1 of 4

claims under Section1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted).

The Complaint fails to state a claim because it is illegible. The statement of claim is one short paragraph handwritten and 28 pages of exhibits. The Court cannot read any of the allegations in the statement of claim and will not sift through the attached exhibits in order to determine what, if any, basis exists for Hildreth's claim against Defendants. The Court is not obligated to craft a claim on his behalf, and Defendants cannot respond to such a piecemeal pleading. The Complaint is therefore dismissed without prejudice, and Hildreth will be given an opportunity to replead his claims.

### PENDING MOTIONS

Because the Complaint is dismissed, the Court will deny the motion to add a party and the motion to add claims. (Doc. 10, 13). Generally, the Court does not accept piecemeal modifications and changes to a complaint. If Hildreth chooses to replead his claims, the amended complaint should include all claims against all parties.

The motion for recruitment of counsel is also denied. (Doc. 2).[1] Hildreth does not provide any information regarding attempts to recruit counsel on his own or whether he has been effectively precluded from doing so. Because he has not made this showing, the Court finds that Hildreth has not made a reasonable attempt to find counsel. Should he choose to move for recruitment of counsel at a later date, the Court directs Hildreth to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the

---

[1] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

As to his ability to represent himself, the Court recognizes, based on court records, that Hildreth has Parkinson's disease, which makes it difficult for him to write clearly. *See Hildreth v. Butler,* 960 F. 3d 420, 430-431 (7th Cir. 2020) (finding that the accommodations made by the facility to assist Hildreth in drafting legal documents, which included being provided an ADA attendant and increased library time to access the typewriter, met the reasonableness requirement under the ADA). However, as he states in his motion to add claims, he is being given access to a typewriter and has been offered an attendant, a fellow inmate who will assist him in drafting legal filings. (Doc. 13). In the document that is typed, it is clear that Hildreth is capable of articulating "a short and plaint statement" of his claims. *See* FED. R. CIV. P. 8.

Hildreth states that he has refused to use the attendant because he has "a right to confidentiality in my legal affairs." (*Id.*). The Court does not know the right to which he is referring. The documents sent from the Court and to the Court for filing are a matter of public record and therefore not confidential. *See Antonelli v. Sheahan*, 81 F. 3d, 1422, 1431 (7th Cir. 1996); *Martin v. Brewer,* 830 F. 2d 76, 78 (7th Cir. 1987). If Hildreth chooses not to use an attendant, then that is his choice, but the Court will not recruit counsel at this time to assist him in drafting a legible complaint. At any time, if Hildreth is unable to meet a Court deadline, he may file a motion requesting an extension.

### DISPOSITION

For the reasons set forth above, the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief. The motion for recruitment of counsel is **DENIED.** (Doc. 2). The motion to add party and the motion for leave to add claim and defendants are also **DENIED.** (Doc. 10, 13).

Hildreth is **GRANTED** leave to file a "First Amended Complaint" on or before **February 3, 2023**. Should Hildreth fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state a claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Hildreth use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-01886-SPM).

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Hildreth must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Hildreth is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   January 6, 2023**

                                 *s/Stephen P. McGlynn*
                                 **STEPHEN P. MCGLYNN**
                                 **United States District Judge**