IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT HILDRETH, #N94795, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN WILLS, <br> ADA COORDINATOR JOLINE, <br> GRIEVANCE OFFICER KELLY PIERCE, and <br> SUPERINTENDANT SIEP, <br><br> Defendants. | Case No. 22-cv-01886-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Scott Hildreth, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of her constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE FIRST AMENDED COMPLAINT

Plaintiff has Parkinson's disease, and he asserts that without a typewriter he is unable to draft legible documents and communications with the courts. Plaintiff states that from 2019

through 2021, he had a typewriter in his cell. (Doc. 17, p. 5). The typewriter broke around 2021. Plaintiff was told to turn in the broken typewriter, and it would be replaced. As of the filing of the First Amended Complaint, January 25, 2023, he still has not received a replacement typewriter. Plaintiff was told that there are not any typewriters available. He states that there are typewriters available for sale from the commissary for $555.00, but Menard staff will not provide him one as an ADA accommodation. He claims that the ADA Coordinator has lied to him about the availability of a new typewriter, and Warden Wills refuses to abide by IDOC administrative rules that state word processors are an approved item for ADA purposes and accommodation.

Because Plaintiff does not have a typewriter in his cell, he cannot do his "legal work and personal daly[sic] written things at leisure same as any other [inmate] that is without impairment[sic]." (Doc. 17, p. 5). He has missed deadlines in two state court cases, and on one occasion, documents were returned to him for being illegible.

### PRELIMINARY DISMISSALS

Though Plaintiff lists Superintendent Siep and Grievance Officer Kelly Pierce as defendants in the case caption of the First Amended Complaint, he fails to mention them in his statement of claim. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). Because Plaintiff has failed to state a claim against Siep and Pierce, they will be dismissed from this action without prejudice.

### DISCUSSION

Based on the allegations of the First Amended Complaint, the Court finds it convenient to

designate the following counts:

>   **Count 1:**   First Amendment claim against Defendants for denial of access to the courts.
>
>   **Count 2:**   Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claim against Defendants for failing to provide Plaintiff with a typewriter in his cell.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

"The right to access the court is fundamental and essential to prisoners' ability to vindicate legal rights." *Jones v. Van Lanen,* 27 F. 4th 1280, 1287 (7th Cir. 2022). To state a claim for denial of access to the courts, a plaintiff must plead that he had a non-frivolous underlying claim, that official acts hindered his efforts to pursue that claim, and that actual injury or harm resulted. *Id*. A plaintiff must connect the defendants' conduct with his "inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805–06 (7th Cir. 2010). Additionally, denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Snyder v. Nolen*, 380 F.3d 279, 291 n.11 (7th Cir. 2004).

Plaintiff states that because he could not work on his legal work "at leisure" in his cell, he missed a deadline with the Illinois Supreme Court and a deadline with the Illinois First District Appellate Court. This is not sufficient to state a First Amendment claim. Plaintiff has not plead

---

[1] *See Twombly,* 550 U.S. at 570.

factual allegations from which the Court can plausibly infer that his failure to meet court deadlines was due to intentional conduct on the part of Defendants. He does not allege that he was denied adequate *access* to a typewriter or other forms of legal assistance, only that he was not provided a typewriter free of charge to keep in his cell. See *Lehn v. Hartwig,* 13 F. App'x 389, 392 (7th Cir. 2001) ("prisoners have no constitutional right to a typewriter"). Not being able to work on his legal cases in his cell may be inconvenient or even cause some delay, but as pled, the lack of a typewriter in his cell does not deprive him of access to the courts. Accordingly, Count 1 is dismissed without prejudice.

**Count 2**

To state a claim under Title II of the ADA, Plaintiff's "allegations must suggest that he is a 'qualified individual with a disability' who was 'denied the benefits of the services, programs, or activities' from the prison 'by reason of such disability.'" *Shaw v. Kemper,* 52 F. 4th 331, 334 (7th Cir. 2022) (quoting 42 U.S.C. § 12132). "The Rehabilitation Act likewise provides that no 'qualified individual with a disability' shall 'be denied the benefits of ... any program' 'solely by reason of her or his disability.'" *Id.* (quoting 29 U.S.C. § 794(a)). Further, the statutes require the "prison to make reasonable modifications to its policies or practices to avoid denying [an inmate] a service on account of his disability." *Id.*

The Court first notes that Plaintiff has previously litigated a very similar ADA claim in this district. See *Hildreth v. Butler,* No. 15-cv-00831-NJR-DGW (S.D. Ill. *filed on* July 30, 2015). In *Hildreth v. Butler*, Plaintiff claimed that the defendants discriminated against him "by denying him access to a typewriter in his cell." *Hildreth v. Butler,* 960 F. 3d 420, at *424 (7th Cir. 2020), *aff'g* No. 15-cv-00831-NJR-DGW, 2018 WL 3438895 (S.D. Ill. July 17, 2018). He argued that "[w]hile other inmates can draft handwritten court filings at any time in their cells, [he] is limited to his time with the typewriter in the library." *Id.* In affirming the district court's grant of the motion for

summary judgment filed by the defendants, the Seventh Circuit stated that even though Plaintiff was prohibited from having a typewriter in his cell, prison officials provided him an assistant to help him draft documents and increased his library time where he could use a typewriter. *Id.* at 431. The Seventh Circuit also noted that Plaintiff could request for more library time as needed. The Appellate Court concluded that Plaintiff was provided reasonable accommodations.

Here, Plaintiff does not plead facts supporting the assertion that staff at Menard failed to provide reasonable accommodation for him to draft legal documents. Plaintiff does not claim that he has been denied services, only that he has not been given a free typewriter to keep in his cell. As the Seventh Circuit pointed out in Plaintiff's previous case, the reasonable accommodation that is required is not the same as providing Plaintiff with the specific services he seeks. *Hildreth,* 960 F. 3d at 431. Thus, the Court finds that Plaintiff has failed to state a claim under that ADA and RA. Count 2 is dismissed without prejudice.

Because Plaintiff has failed to state a claim for relief against any Defendant, the First Amended Complaint will be dismissed without prejudice. Plaintiff will be given one more opportunity to re-plead his claims in an amended complaint.

### MOTION FOR TRO/PRELIMINARY INJUNCTION

Plaintiff has filed a motion seeking emergency injunctive relief. (Doc. 18). In the motion, Plaintiff adds new defendants and allegations. He claims that (1) the medication for his Parkinson's disease has not been timely refilled; (2) correctional officers have harassed, shoved, and slandered him; (3) he is only being given four hours of law library time a week; (4) he was sexually abused; (5) he was denied adequate treatment for kidney stones; and (6) he has experienced retaliation by staff. (*Id.* at p. 2, 7-8, 41-42). He seeks an order from the Court mandating that he is provided a typewriter in his cell, an injunction against Nurse Lang and Sergeant Pitt, and assistance in receiving his medication on time. The Court construes the motion as a request for a temporary

restraining order and/or a preliminary injunction.

In order to obtain emergency injunctive relief, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Additionally, injunctive relief is appropriate only if it seeks relief of the same character sought in the underlying suit. *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994); *Daniels v. Dumsdorff,* No. 19-cv-00394-NJR, 2019 WL 3322344 at *1 (S.D. Ill., July 24, 2019).

The Court has found that the First Amended Complaint, as currently drafted, fails to state a claim, which makes it impossible for Plaintiff to prove that he is likely to succeed on the merits of his claims. However, even if the First Amended Complaint survived preliminary review, Plaintiff has not demonstrated how he will suffer irreparable harm without intervention from the Court regarding his First Amendment and ADA/RA claims. Plaintiff confirms that he has access to a typewriter in the law library, he just does not have "24/7" access to it as he would like. Plaintiff is given four hours of time in the law library per week. At some point, the only typewriter in the law library was being used by another inmate, and staff brought a second typewriter for Plaintiff's use. (Doc. 18, p. 8, 18). The record also indicates that Plaintiff has been offered an attendant to assist him in drafting legal documents, but he refused this accommodation. (*See* Doc. 13). While Plaintiff prefers to have a typewriter in his cell, he has not provided any factual allegations or evidence for the Court to conclude he will experience an irreparable injury without an injunction.

As for the remaining allegations regarding mistreatment by staff and lack of medical treatment, these claims are outside the scope of the First Amended Complaint, which only concerns

Defendants' refusal to provide Plaintiff a typewriter for his cell. A motion for injunctive relief is not a proper avenue to pursue additional claims against individuals not named in the operative complaint. Accordingly, for these reasons, the request for emergency injunctive relief is **DENIED**.

Plaintiff also asks for the Court to refund his filing fee if the "Court is not going to help" him. He states he will then take the money and purchase a typewriter from the commissary. His request is **DENIED**. The collection of the filing fee is mandated by federal statute and incurred by a plaintiff at the time the action is filed. *See* 28 U.S.C. 1915(b)(2). The filing fee remains due and payable regardless of the results of this litigation. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

## MOTION FOR APPOINTMENT OF COUNSEL

In the First Amended Complaint and the motion for a TRO/preliminary injunction, Plaintiff asks the Court to recruit counsel to represent him. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court denied Plaintiff's first motion for counsel because he had not demonstrated reasonable efforts to obtain counsel on his own prior to seeking the assistance of the Court. (Doc. 16, p. 2-3). Plaintiff was informed that if he moved for recruitment of counsel at a later date, he should provide the Court with the names and addresses of at least three different attorneys he has contacted and attach the letter from the attorneys declining representation. The Court also found that because he had access to a typewriter in the law library and had been offered the use of an

attendant, Plaintiff was capable of articulating "a short and plain statement" of his claims. (*Id.* at p. 3).

In Plaintiff's new requests for counsel, he states he needs an attorney to draft a clear and legible complaint and make legal arguments. (Doc. 17, p. 5; Doc. 18, p. 2). He provides two letters from law firms declining representation.

The requests for recruitment of counsel are **DENIED**. Plaintiff was advised to notify the Court of "at least three" attorneys he has contacted when requesting court recruited counsel, but it appears he has only sought representation from two. Thus, he has still not demonstrated reasonable efforts to obtain counsel on his own. Further, nothing has changed in this case to persuade the Court that Plaintiff is incapable of prosecuting his claims at this early stage. Having a limited knowledge of the law is not unique to Plaintiff as a pro se litigant, and he has access to other inmates and a typewriter to assist him in drafting a complaint. (*See* Doc. 13, p. 1; Doc. 18, p. 3). The Court finds Plaintiff competent to represent himself.

## DISPOSITION

For the reasons stated above, the First Amended Complaint (Doc. 17) is **DISMISSED without prejudice** for failure to state a claim for relief. Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **May 17, 2023**. Should Plaintiff fail to file a Second Amended Complaint within the allotted time, the entire case shall be dismissed with prejudice for failure to state a claim and/or for failure to prosecute. The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the standard civil rights complaint form along with this Order.

The requests for recruitment of counsel are **DENIED**. (Doc. 17, 18). The motion for an emergency injunction is **DENIED.** (Doc. 18).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently

investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 19, 2023**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**