IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT HILDRETH, #N94795, | |
| Plaintiff, | Case No. 22-cv-01886-SPM |
| v. | |
| WARDEN WILLS, ADA COORDINATOR JOLINE, and GRIEVANCE OFFICER KELLY PIERCE, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Scott Hildreth, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Second Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE SECOND AMENDED COMPLAINT

Plaintiff's allegations are very similar to those asserted in the First Amended Complaint. He has Parkinson's Disease and without access to a typewriter he is unable to draft legible documents, notes, and communications. (Doc. 20). To accommodate his disability, IDOC had

Page 1 of 6

previously provided him with a typewriter to keep and use in his cell. At some point, the typewriter broke. Plaintiff was told he would be provided a replacement, but the typewriter was not replaced. Now, Plaintiff is granted only three or four hours a week to use the typewriter in the law library. Plaintiff states that this amount of time is insufficient for him to draft his legal work and other correspondences. He asserts that by not providing him a typewriter to keep in his cell, he is being denied ADA accommodation. Plaintiff also argues that his inability to write and Menard's occasional denial of access to the library and the typewriter have caused him to be denied access to the courts.

### PRELIMINARY DISMISSAL

In the Second Amended Complaint, Plaintiff seeks to add allegations against Wexford Medical Services for failing to refill his prescriptions in a timely manner. (Doc. 20, p. 5). These allegations are dismissed. First, Wexford Medical Services is not named as a defendant in the case caption. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Second, this claim is not properly joined in this suit. *See* FED. R. CIV. P. 20(a)(2). Plaintiff's allegations against Wexford Medical Services are not related to the First Amendment and ADA claims against the other defendants for failing to replace Plaintiff's typewriter. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley,* 635 F.3d 950, 952 (7th Cir. 2011). The Court will exercise its discretion and dismiss the claims regarding medication refills against Wexford Medical Services without prejudice from this case.

### DISCUSSION

Based on the allegations of the Second Amended Complaint, the Court finds it convenient to designate the following counts:

>  **Count 1:** First Amendment claim against Defendants for denial of access to the courts.
>
>  **Count 2:** Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claim against Defendants for failing to provide Plaintiff with a typewriter free of charge to keep in his cell.
>
>  **Count 3:** Fourteenth Amendment claim against Defendants for denial of equal protection under the law.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

## Count 1

The Court again finds that Plaintiff has failed to state a claim under the First Amendment. To state a claim for denial of access to the courts, a plaintiff must demonstrate that his denial of access to the library or other legal assistance "hindered his efforts to pursue a legal claim." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). Mere delay or inconvenience is not an unconstitutional detriment. A plaintiff must connect the defendants' conduct with his "inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805–06 (7th Cir. 2010). This requires a plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury,* 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

Plaintiff asserts that limited access to a typewriter has caused him to be denied access to the courts. (Doc. 20, p. 2). He has missed deadlines, and there is a chance of irreparable harm in

---

[1] *See Twombly,* 550 U.S. at 570.

his case concerning post-conviction relief. (*Id.* at p. 4). Plaintiff, however, does not assert this claim against any specific Defendant or describe their intentional conduct. Furthermore, he has failed to plead an "actual injury." *See Hertel v. Miller-Lewis,* 695 F. App'x 957, 961 (7th Cir. 2017) (citing *Rossi v. City of Chi.,* 790 F. 3d 729, 736 (7th Cir. 2015)). Plaintiff has not provided enough facts from which the Court can plausibly infer that limited typewriter access caused a potentially meritorious claim to fail. *See Marshall v. Knight,* 445 F. 3d 965, 968 (7th Cir. 2006). Accordingly, Count 1 is dismissed.

### Count 2

Plaintiff has also failed to plead that he is being denied meaningful access to a benefit of a program, service, or activity in violation of the ADA or RA. As the Court previously stated, not providing Plaintiff with a typewriter in his cell free of charge does not state a claim. (Doc. 19, p. 5). The ADA and RA require that Plaintiff be provided reasonable accommodation. "Reasonable accommodation is not the same as providing Plaintiff with the specific services he seeks." (*Id.*). *See Hildreth v. Butler,* 960 F. 3d 420, 424 (7th Cir. 2020) ("[t]he question is not whether other modifications could have been made, such as those Hildreth seeks, but whether the accommodations made were reasonable"). Plaintiff is provided use of a typewriter three to four hours a week, and based on the record, another inmate has been offered to assist him in writing. (*See* Doc. 13). Other than the conclusory statement that the amount of time in the law library is insufficient, there is not enough factual content in the Second Amended Complaint from which the Court can plausibly infer that these accommodations are not reasonable or that Plaintiff has been unable to draft his legal documents and litigate cases. Accordingly, Count 2 is dismissed.

### Count 3

Plaintiff has not stated a claim for a violation of the equal protection clause under the Fourteenth Amendment. "The Equal Protection Clause…prohibits state action that discriminates

on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called 'class of one.'" *Reget v. City of La Crosse, Wis.*, 595 F.3d 691, 695 (7th Cir. 2010) (citing *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591 (2008); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff asserts that he is being denied equal protection of law under the Fourteenth Amendment "for access to other prison programs." (Doc. 20, p. 4). He claims that he has been denied access to the courts and requests for medical care and other requests have been ignored.

This claim is not asserted against any individual Defendant, and Plaintiff has not pleaded facts showing he was singled out for disparate treatment because of his membership of a protected class. Nor does he state a class-of-one claim. Count 3 is dismissed without prejudice.

Because there are no claims that survive preliminary review, the Second Amended Complaint is dismissed. The Court has given Plaintiff the opportunity to replead his claims, and he has again failed to state a claim upon which relief could be granted. Considering the facts of this case, the Court finds that giving Plaintiff another chance to amend would futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Therefore, the Second Amended Complaint and this entire case will be dismissed with prejudice for failure to state a claim upon which relief can sought.

## DISPOSITION

For the reasons stated above, the Second Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008);

*Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 19, 2023**

                                                _s/Stephen P. McGlynn_
                                                **STEPHEN P. MCGLYNN**
                                                **United States District Judge**