IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SCOTT HILDRETH,** **#N94795,** | |
| Plaintiff, | Case No. 22-cv-01886-SPM |
| v. | |
| **WARDEN WILLS,** *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Scott Hildreth, an inmate of the Illinois Department of Corrections who is currently incarcerated at Big Muddy River Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, while incarcerated at Menard Correctional Center. The Court reviewed the First Amended Complaint and the Second Amended Complaint pursuant to 28 U.S.C. §1915A and found that Plaintiff had failed to state a claim. (Doc. 19, 21). The case was dismissed with prejudice, and the Court entered judgment on October 19, 2023. (Doc. 22).

On November 17, 2023, Plaintiff filed a timely Notice of Appeal and the following post-judgment motions: Motion to Appoint Counsel, Motion to Reconsider, Motion to Instruct, and Motion for Leave to Appeal *in forma pauperis.* (Doc. 24, 25, 26, 27, 28).

### MOTION TO RECONSIDER

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. Nevertheless, the Seventh Circuit has approved of district courts construing motions pursuant to the standards set forth in Federal Rule of Civil Procedure 59(e) or 60(b) if it appears that a party

is requesting relief available under those Rules. *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). A motion under Rule 59(e) must be filed "no later than 28 days after the entry of judgment to be timely. This time limit is unyielding." *Banks v. Chi. Bd. of Educ.,* 750 F. 3d 663, 666 (7th Cir. 2014) (citations omitted). The Court cannot extend the 28-day deadline imposed by Rule 59(e). *Id.* (citing FED. R. CIV. P. 6(b)(2); *Justice v. Town of Cicero,* 682 F. 3d 662, 664-65 (7th Cir. 2012)). When a motion to reconsider is filed more than 28 days after the entry of judgment, the Court is to treat the motion as filed under Rule 60(b). *Id.*

The deadline for Plaintiff to file a motion to alter or amend the judgment pursuant to Rule 59(e) was November 16, 2023, 28 days after the entry of judgment on October 19, 2023. *See* FED. R. CIV. P. 59(e). Plaintiff mistakenly believed his deadline was November 17, 2023, and filed the Motion to Reconsider a day late.[1] (*See* Doc. 25, p. 1). The Court has no authority to extend the deadline, and therefore, the Court construes the Motion to Reconsider as a motion seeking relief from judgment under Rule 60(b).

Because Plaintiff simultaneously filed a Notice of Appeal, along with the Motion to Reconsider, there are jurisdictional concerns that must be resolved before the Court can address the merits of the pending motions. Generally, an appeal divests a district court of jurisdiction over the case. *See United States v. Woodard*, 744 F.3d 488, 495 (7th Cir. 2014). But the Federal Rules of Appellate Procedure provide for exceptions to this rule when a party prematurely files a notice of appeal after the district court has entered judgment, but before the court has acted on a timely post-judgment motion under Federal Rules of Civil Procedure 50(b), 52(b), 54, 59, or 60. *See* FED. R. APP. P. 4(a)(4)(B)(i). In this event, the notice of appeal is effectively suspended until the district court disposes of the motion. *See Id.*

---

[1] Plaintiff states that he was not given access to his legal papers and a typewriter until "today November 16th one day before [the] deadline!" (Doc. 25, p. 1).

Additionally, the Seventh Circuit has held that "[d]istrict courts possess limited authority to deny Rule 60(b) motions while an appeal is still pending, allowing the court of appeals to make its resolution a final one, knowing that a district court has no desire to amend its ruling." *Ameritech Corp. v. Int'l Broth. Of Elec. Workers, Local* 21, 543 F. 3d 414, 419 (7th Cir. 2008). *See also Textile Banking Co., Inc. v. Rentschler*, 657 F. 2d 844, 849 (7th Cir. 1981). At this point, there is "no risk of overlapping decisions," *Id.*, and pursuant to Federal Rule of Appellate Procedure 4, the Court finds that it retains jurisdiction to decide the Motion to Reconsider.

Under Rule 60(b), a Court may vacate a final judgment for mistake, inadvertence, surprise, or excusable neglect; fraud or misconduct of the opposing party; a judgment that is void or discharged; newly discovered evidence; or "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1)-(6). Despite the catchall provision of allowing a court to grant relief for "any other reason," Rule 60(b) is still an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F. 3d 747, 759 (7th Cir. 2010) (quoting *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir.1994)).

In the Motion to Reconsider, Plaintiff asserts that he is not receiving ADA accommodation "for his disability (a typewriter or word processor.)" (Doc. 25, p. 1). He argues that since he was unable to state a claim for relief the Court should have recruited counsel to represent him to correct the problems in his pleadings. Plaintiff also adds new allegations that he has been transferred from Menard Correctional Center ("Menard") to Big Muddy River Correctional Center ("Big Muddy"), where he is currently not receiving accommodation at all. He is "being told if [he] needs to use [a] typewriter put in [a] request for [the] law library." Plaintiff believes this is not accommodation because "anyone can do that."

Plaintiff has not shown a legal or factual mistake made by Court or demonstrated any other reason to justify relief. *See Kemp v. United States*, 596 U.S. 528, 533-34 (2022). In dismissing the

First and Second Amended Complaints, the Court correctly ruled that Plaintiff's allegations that he was not being provided a typewriter free of charge to keep in his cell did not state a claim for relief under the ADA.[2] Plaintiff did not plead facts to allow the inference that he was being denied reasonable accommodations. Rather, he was disgruntled because he was not receiving specific services, a personal typewriter. (Doc. 20, p. 5-6). *See Hildreth v. Butler,* 960 F. 3d 420, 431 (7th Cir. 2020); *Stewart v. Cnty. of Brown,* 86 F. 3d 107, 112 (7th Cir. 1996) (a reasonable accommodation under the ADA does not mean the same thing as "a perfect cure for the problem"). As the Seventh Circuit stated in Plaintiff's previous suit regarding limited typewriter access, "[t]he question is not whether other modifications could have been made, such as those [he] seeks, but whether the accommodations made were reasonable." *Hildreth*, 960 F. 3d at 431.

According to Plaintiff's pleadings, he was offered an attendant, whom he refused to use (Doc. 13), and three to four hours of library time per week. In a conclusory fashion, he stated that this amount of time is not sufficient to complete his legal work. (Doc. 20, p. 2). The Seventh Circuit has already found that these accommodations meet the requirements of the statute, and do not state a violation of the ADA. *See Hildreth,* 960 F. 3d at 431 (accommodations were reasonable where Plaintiff was provided an attendant, law library access, and never missed a court deadline). Accordingly, the Court properly found that Plaintiff had failed to state a claim under the ADA.

The Court also did not commit legal error or any type of mistake in finding that Plaintiff was capable of litigating this case without court recruited counsel. (Doc. 16, 19) (citing *Pruitt v. Mote,* 503 F .3d 347, 654 (7th Cir. 2007)). Although Plaintiff was unable to articulate a colorable claim, the alleged facts suggested that there was no possible basis for relief; not that Plaintiff was incapable of proceeding pro se. He had not shown that he suffered from any intellectual limitations,

---

[2] Plaintiff does not challenge the dismissal of his First Amended access to courts claim or Fourteenth Amendment equal protection claim. (*See* Doc. 21).

and he has had some high school education. Despite his complaints of limited access to a typewriter, Plaintiff timely filed two motions and two amended complaints, all typed (Doc. 13, 14, 17, 20), and one motion with the assistance of another inmate (Doc. 18). Plaintiff stated he needed an attorney to make legal arguments (Doc. 18), but "it is factual allegations, not legal theories, that must be pleaded in a complaint." *Whitaker v. Milwaukee Cnty., Wisc.,* 772 F. 3d 802, 808 (7th Cir. 2014).

The Motion to Reconsider does not identify any mistake or exceptional circumstances to justify relief from judgment. To the extent Plaintiff is attempting to seek relief by adding new claims regarding the conditions at Big Muddy, these allegations are improperly before the Court. Plaintiff is essentially asking to start an entirely new lawsuit based on a different set of facts against different individuals at Big Muddy. Accordingly, the Motion to Reconsider is **DENIED.**

## MOTION TO INSTRUCT

Plaintiff has filed a motion asking for instruction on Illinois Supreme Court Rule 295. (Doc. 27). The motion is **DENIED.** The motion does not seek any relief concerning this federal civil matter but asks for information on Illinois state criminal procedure. The Court cannot give legal advice.

## MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff was permitted to proceed IFP on the underlying action (Doc. 11), and the Court finds that the appeal is taken in good faith. Accordingly, the Motion for Leave to Appeal *in forma pauperis* is **GRANTED.** (Doc. 28). *See* 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3).

Plaintiff has filed a motion seeking court appointed counsel. (Doc. 24). Though not clear, the Court assumes that he is seeking counsel to represent him during his appeal. The Court does not have the authority to appoint counsel on appeal; only the Seventh Circuit Court of Appeals can make such appointments. *See* 7th Cir. CJA Plan. Therefore, the Motion is **TERMINATED** (Doc.

24), and the Clerk of Court is **DIRECTED** to transmit the Motion for the Appointment of Counsel to the Seventh Circuit.

## DISPOSITION

For the reasons stated above, the Motion to Reconsider is **DENIED.** (Doc. 25). The Motion to Instruct is **DENIED.** (Doc. 27).

The Motion for Leave to Appeal *in forma pauperis* is **GRANTED.** (Doc. 28). A copy of Plaintiff's trust fund account for the previous 6 months is needed to calculate Plaintiff's initial partial filing fee. Thus, the Trust Fund Officer at Big Muddy River Correctional Center is **DIRECTED** to provide to the Clerk's Office Plaintiff's prison trust fund account statement from 5/1/2023 through 11/17/2023. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Trust Fund Office at Big Muddy River Correctional Center.

The Motion for Appointment of Counsel is **TERMINATED**, and the Clerk of Court is **DIRECTED** to transmit the Motion to the Seventh Circuit. (Doc. 24).

**IT IS SO ORDERED.**

**DATED:**   December 6, 2023

  *s/Stephen P. McGlynn*  
**STEPHEN P. MCGLYNN**  
**United States District Judge**
